William W. Castle, #61671
ASPC-Winslow-W11
2100 S. Hwy 87
Winslow, Az 86047

FILED ✓   LODGED ___
RECEIVED ___   COPY ___

JUN 3 0 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ M DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM W. CASTLE ) <br> ) <br>    Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> EUROFRESH, INC. a/k/a EUROFRESH ) <br> FARMS, a Delaware corporation; ) <br> ARIZONA DEPARTMENT OF ) <br> CORRECTIONS, an agency of the State of ) <br> Arizona; DORA B. SCHRIRO, former ) <br> Director, Arizona Department of ) <br> Corrections; Charles L. Ryan, Director ) <br> Arizona Department of Corrections; ) <br> STATE OF ARIZONA; ) <br> ) <br>    Defendants. ) | CV-09-8114-PCT-MHM-DKD <br><br><br> COMPLAINT <br><br> (JURY TRIAL DEMANDED) |

Plaintiff alleges as follows:

-1-

<em>
</em><em>
</em><em>
</em>
<em>
</em>
<em>
</em><em>
</em>
<em>
</em>
<em>
</em>

## NATURE OF ACTION

1. This is an action being brought under Title I and Title II, Americans with Disabilities Act of 1990 ("ADA"), Rehabilitation Act of 1973 ("REHAB ACT"), Arizona Civil Rights Act ("ACRA"), intentional infliction of emotional distress and breach of contract, to redress unlawful disability-based practices and to make Plaintiff whole. Defendant Eurofresh, Inc. ("Eurofresh") contracted, and continues to contract, prisoner labor from the remaining named Defendants, through the Arizona Correctional Industries ("ACI") program. Defendants were employers of the Plaintiff within the parameters of Title I of the ADA, as well as being a federally-funded entity under Title II of ADA and REHAB ACT. In violation above-mentioned federal and state laws, Defendants failed to reasonable accommodate Plaintiff, an otherwise qualified individual with a disability, and denied him access to the ACI program. In doing so, Defendants acted with malice and/or reckless indifference to the Plaintiff's federally protected rights. In addition, Defendant Eurofresh breached the labor contract, entered into with the other named Defendants for the benefit of Plaintiff, when it violated the disability-nondiscrimination provisions. Plaintiff seeks equitable relief, compensatory and punitive damages, injunctive and declaratory relief, as well as specific performance.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1332, 1337, and 1343.

3. Venue is proper under 28 U.S.C. § 1391, in that Defendant Eurofresh is qualified and does business in the State of Arizona, and Plaintiff's claims for relief arise in

the State of Arizona. LRCiv 5.1 (a) and 77.1(a) require that this action be filed in the Prescott Division.

## PARTIES

4. Plaintiff is a state prisoner currently assigned to facilities in the state of Arizona.

5. Defendant Eurofresh is a private Delware corporation, qualified to do business in the State of Arizona, and is doing business in Snowflake and Wilcox, Arizona. Defendant Eurofresh is also doing business as Eurofresh Farms, Inc. This Defendant employs approximately 1600 persons.

6. Defendant Dora B. Schriro is the former Director of Defendant ADC, and was the director of the state agency when the events occurred that give rise to Plaintiff's claims. Defendant Schriro is currently the Senior Policy Advisor to the United States Secretary of Homeland Security, Janet Napolitano. In the capacity of director she was responsible for the administration and application of Defendant ADC's policies, and was ultimately responsible for the operation of all prison facilities, including decisions concerning staff deployment and training that directly affect Plaintiff.

7. Defendant Charles L. Ryan is the current Director of Defendant ADC. In the capacity of director he is responsible for the administration and application of Defendant ADC's policies and is ultimately responsible for the operation of all prison facilities, including decisions concerning staff deployment and training that directly affect Plaintiff.

8. Defendant ADC is an of Defendant State of Arizona ("Arizona"). Both entities receive federal funds, the United States government, and employ at least 50 persons.

9. Pursuant to Arizona Revised Statute § 14-1621(1), Arizona Correctional Industries ("ACI") is defined as a program, and, in accordance with Arizona Revised Statute § 14-1622 (B), shall be conducted for the employment of prisoners.

10. Defendants Dora B. Schriro and Charles L. Ryan are sued individually and in their official capacities. At all relevant times, these defendants have acted under the color of State law.

## EXHAUSTION

11. Plaintiff has exhausted all available administrative remedies regarding the matters described in this complaint. On March 30, 2009, the United States Equal Employment Opportunity Commission ("EEOC") issued notices of right-to-sue as to the Plaintiff's allegations complained of herein, and regarding the matters described in this complaint. On April 6, 2009, the office of the Arizona Attorney General issued notices of right-to-sue as to the same Defendants and matters described in this complaint. Copies of the notices are attached to this complaint. See Exhibit 1.

12. In accordance with the Prisoner's Litigation Reform Act, 42 U.S.C. § 1997e (a), Plaintiff has exhausted the grievance process in accordance with Defendant ADC's Departmental Order 802.11. Attached to this complaint is Defendant Charles L. Ryan's response and notice of completion of the grievance procedures. See Exhibit 2.

## FACTUAL ALLEGATIONS

13. At all relevant times, Plaintiff has had a permanent disability that substantially limits one or more major life activities. He serve as a military officer during peacetime and Gulf War Era, and suffered injuries from a parachute jump. On October 21,

1996, the United States Department of Veterans Affairs ("VA") examined and evaluated Plaintiff has being twenty (20) percent disabling, in accordance with 38 C.F.R. 3.321 (a) and 38 C.F.R. 3.321 (b) (1). The VA published a Rating Decision indicating the Plaintiff has "pain and swelling with difficulty walking and standing for extended periods". The evaluation also found limitation of motion with dorsiflexion to 18 degree, plantar extension to 15 degrees with tenderness over the left lateral malleolus. There was an additional two (2) degrees limitation of motion due to pain, fatigue, weakness and incoordination with repetition. See Exhibit 3.

14.     At all relevant times, Plaintiff has had a record of a physical impairment that substantially limits one or more major life activities.

## COUNT I
### (VIOLATION OF TITLE I, AMERICANS WITH DISABILITIES ACT OF 1990)

15.     With respect to each and every following count, Plaintiff re-alleges and re-incorporates by reference all of the allegations contained in paragraph (1) through (14).

16.     Count I is instituted under 42 U.S.C. § 12117, incorporating by reference 42 U.S.C. § 2000e-5 (f) (1), (3).

17.     At all relevant times, Plaintiff is an otherwise qualified individual with a disability in that he was able to perform all of the essential functions of his job, with or without reasonable accommodations.

18.     At all relevant times, Defendants Schriro and ADC, on behalf of the ACI program, contracted prisoner labor to Defendant Eurofresh to work at its private facilities in Snowflake and Wilcox, Arizona. See Exhibit 4.

19. Plaintiff was employed by Defendant Eurofresh, through ACI, which was administered and operated by Defendant ADC, on behalf of Defendant Arizona. From approximately July 27, 2008 until or about November 28, 2008, Plaintiff was contracted to work at Defendant Eurofresh's Snowflake facility, approximately eighty (80) miles from the prison.

20. At all relevant times, Defendant Eurofresh has engaged in industry affecting commerce within the meaning of 42 U.S.C. § 12111(5).

21. At all relevant times, Defendants Eurofresh and ADC have been covered entities under the 42 U.S.C. § 12111(2).

22. On or about October 15, 2008 and November 10, 2008, Plaintiff requested a reasonable accommodation for his disability. See Exhibit 5.

23. Plaintiff's requests for a reasonable accommodation for his disability were denied and/or ignored by Defendants.

24. Since at least November 10, 2008, Defendants have engaged in unlawful employment practices in violation of 42 U.S.C. § 12112(a) at Snowflake, Arizona. There practices include but are not limited to denial of accommodation, denial of bonuses, denial of wage raises, and/or constructive discharge of Plaintiff.

25. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of disability.

26. At all relevant times, Defendants acted intentionally with malice and/or reckless indifference to the Plaintiff's federally protected rights.

27. At all relevant times, Plaintiff had been an "Employee" within the meaning of Title I of the Americans with Disabilities Act of 1990.

WHEREFORE, the Plaintiff respectfully requests that this Court:

A. Declare that state prisoners are employees under Title I of the ADA when their labor is contracted by the state to private for-profit entities to be performed outside prison facilities;

B. Grant a permanent injunction enjoining Defendants, its owners, officers, management personnel, employees, agents, successors, assigns, and in participation with them, from engaging in any employment practices that discriminate on the basis of disability;

C. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities to qualified individuals with disabilities and eradicate the effects of past and present unlawful employment practices;

D. Order Defendants to make Plaintiff whole by providing him equitable relief, including but not limited to lost earnings with prejudgment interest, and front pay in the approximate amount of $30,000.00, exact amount to be proven at trial;

E. Order Defendants to make Plaintiff whole by providing nominal and compensatory damages for physical and emotional pain, suffering, mental anguish, and other non-pecuniary losses; and punitive damages for Defendant's malicious and/or reckless indifference to the Plaintiff's federally protected rights in a combined amount of $300,000.00, exclusive of any equitable relief;

F. Grant such further relief as the Court deems appropriate;

G. Grant Plaintiff his attorney's fees and costs in this action.

## COUNT II

### (VIOLATION OF TITLE II, AMERICANS WITH DISABILITIES ACT OF 1990)

28. With respect to this claim, Plaintiff re-alleges and re-incorporates by reference all of the allegations contained in paragraph (1) through (27).

29. Plaintiff is an otherwise qualified individual with a disability in that he is qualified to access Defendants State of Arizona and ADC's program or activity.

30. Plaintiff was denied access to ACI program on or about November 10, 2008.

31. At all relevant times, Defendants Schriro, Ryan, ADC, and Arizona are responsible for the administration and operation of the ACI program.

32. At all relevant times, Defendants ADC and Arizona have been public entities as defined in 42 U.S.C. § 12131 (1), in that they are a state or local governmental entity or agency thereof.

33. At all relevant times, Defendants ADC and Arizona have received federal funds.

34. Since on or about November 10, 2008, Defendants engaged in unlawful practices in violation of 42 U.S.C. § 12132. These practices include but are not limited to denying Plaintiff – an individual with a disability who, with or without reasonable modifications to rules, policies, or practices; the removal of architectural, communication, or transportation barriers; or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by Defendants – access to the ACI program.

35. The effect of the practices complained of has been to deprive Plaintiff equal access to a public entity's services, programs, and other activities and to otherwise adversely affect his status as a member of the public interested in accessing Defendant Arizona and ADC's programs and activities.

36. The unlawful discrimination practices complained of herein were intentional, malicious and/or illustrated a reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, the Plaintiff respectfully requests that this court:

A. Grant a permanent injunction enjoining Defendants, its owners, officers, management personnel, employees, agents, successors, assigns, and in participation with them, from engaging in discrimination based on disability in the programs, services, and activities of Defendant Arizona Department of Corrections;

B. Order Arizona Department of Corrections to formulate and implement services, programs, and activities that provide equal access to otherwise qualified individuals with disabilities and to eradicate the effects of past and present unlawful practices in the carrying out of Arizona Department of Corrections' programs, services, and activities;

C. Order Defendants to make Plaintiff whole by providing him equitable relief, including but not limited to lost earnings with prejudgment interest and front pay in the approximate amount of $30,000.00, exact amount to be proven at trial;

D. Order defendants to make Plaintiff whole by providing nominal and compensatory damages for physical and emotional pain, suffering, mental anguish, and other non-pecuniary losses, exact amount to be proven at trial, exclusive of any equitable relief court deems appropriate;

E.  Grant such further relief as the Court deems appropriate;

F.  Grant Plaintiff his attorney's fees and costs in this action.

## COUNT III

### (VIOLATION OF § 504, REHABILITATION ACT OF 1973)

37. With respect to this claim, Plaintiff re-alleges and re-incorporates by reference all the allegations contained in paragraph (1) through (36).

38. Plaintiff is an otherwise qualified individual with a disability in that he is qualified to access Defendants Arizona and ADC's program or activity.

39. Plaintiff was denied access to ACI program on or about November 10, 2008.

40. Defendants Arizona and ADC receive federal funds.

41. Defendant Eurofresh indirectly receives federal assistance, via its contract with the other Defendants, by their exclusion of having to pay worker's compensation insurance premiums, social security taxes, and medicare taxes with reference to state prisoners who are contracted to work in Defendant Eurofresh's facilities.

42. Defendant Eurofresh is an indirect beneficiary of federal assistance because its contracted agreement with the other Defendants mandates a wage less than the prevailing rate normally paid to non-prisoners, thereby giving Eurofresh an unfair advantage in interstate commerce.

43. Since November 10, 2008, Defendants have engaged in unlawful practices in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794. These practices include but are not limited to denying Plaintiff access to the ACI program and/or employment with Defedant Eurofresh.

44. The effect of the practices complained of has been to deprive Plaintiff equal access to a public entity's services, programs, and activities and otherwise adversely affect his status as a member of the public interested in accessing Defendant Arizona and ADC's programs and activities.

45. The effect of the practices complained of also has been to deprive Plaintiff of equal employment opportunities with Defendant Eurofresh and otherwise adversely affect his status as an employee because of his disability.

46. At all relevant times, Defendants acted intentionally with malice and /or reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, the Plaintiff respectfully requests that this court:

A. Declare that Defendant Eurofresh indirectly receives federal assistance within the scope of § 504 when it contracts state prisoner labor;

B. Grant a permanent injunction enjoining all Defendants, their owners, officers, management personnel, employees, agents, successors, assigns, and in participation with them, from engaging in discrimination based on disability in employment, programs, services, and activities of Defendants;

C. Order all Defendants to formulate and implement services, programs, and activities that provide equal access to otherwise qualified individuals with disabilities and to eradicate the effects of past and present unlawful practices in the carrying out of Defendants' programs, services, and activities;

D. Order Defendants to make Plaintiff whole by providing him equitable relief, including but not limited to lost earnings, with prejudgment interest, and front pay in the approximate amount of $30,000.00, exact amount to be proven at trial;

E.  Order Defendants to make Plaintiff whole by providing nominal and compensatory damages for physical and emotional pain, suffering, mental anguish, and other non-pecuniary losses, in an amount to be proved at trial;

F.  Order Defendant Eurofresh to make Plaintiff whole by providing punitive damages, including the compensatory damages, in a combined amount of $300,000.00, exclusive of any equitable relief court deems appropriate;

G.  Grant such further relief as the Court deems appropriate;

H.  Grant Plaintiff his attorney's fees and costs in this action.

## COUNT IV

## (VIOLATION OF THE ARIZONA CIVIL RIGHTS ACT)

47.  With respect to this claim, Plaintiff re-alleges and re-incorporates by reference all the allegations contained in paragraphs (1) through (46).

48.  Plaintiff is an otherwise qualified individual with a disability in he is qualified to access defendant's program and/or activity.

49.  Plaintiff was denied access to the Arizona Department of Corrections' ACI program in or about November 10, 2008.

50.  At all relevant times, Defendant ADC has been a public entity.

51.  Defendant Eurofresh contracts for prisoner labor from the other Defendants.

52.  At all relevant times, Plaintiff's labor was contracted to Defendant Eurofresh.

53.  Since at least November 10, 2008, Defendants have engaged in unlawful practices in violation of Arizona Revised Statute § 41-1492.02. These unlawful practices

include denying Plaintiff, on the basis of his disability, the opportunity to participate in or benefit from the ACI program and/or goods, services, facilities, privileges, advantages or accommodation that are not equal to that afforded to other individuals.

WHEREFORE, the Plaintiff respectfully requests that this court:

A. Grant a permanent injunction enjoining all Defendants, its owners, officers, management personnel, employees, agents, successors, assigns and in participation with, from engaging in discrimination based on disability in programs, services, and other activities;

B. Order Defendants to make Plaintiff whole by providing him equitable relief, including but not limited to last pay with prejudgment interest, and front pay in the approximate amount of $30,000.00, exact amount to be proven at trial;

C. Order Defendants, jointly and severally, to make Plaintiff whole providing him nominal, compensatory and punitive damages in the amount of $500,000.00, exact amount to be proven at trial;

D. Grant such further relief as the court deems appropriate;

E. Grant the Plaintiff his attorney's fee and costs in this action.

## COUNT V

### (Breach of Contract)

54. With respect to this claim, Plaintiff re-alleges and re-incorporates by reference all the allegations contained in paragraphs (1) through (53).

55. On or about April 11, 2007, Defendant Eurofresh and the other Defendants entered into a contract for prison labor.

56. Through the ACI program, prisoner labor was to be provided to Defendant Eurofresh at its Snowflake facility by the other Defendants.

57. Pursuant to Arizona Revised Statute § 14-1622(B), the ACI program was to be conducted for the benefit of prisoners.

58. Under the terms of the contract, Defendant Eurofresh promised to comply with the Americans with Disabilities Act of 1990, Federal and State employment laws, etc.

59. On or about November 10, 2008, Defendant Eurofresh violated the contract by discriminating against Plaintiff based on his disability in violation of 42 U.S.C. § 12112(a), 42 U.S.C. § 12132, 29 U.S.C. § 794, and A.R.S. § 41-1492.02.

60. As a result of Defendant Eurofresh's breach, Plaintiff suffered damages in the form of loss of wages and future pay.

WHEREFORE, the plaintiff respectfully requests that this court:

A. Order Defendant Eurofresh to make the Plaintiff whole by providing him with appropriate lost wages, with pre-judgment interest, and front wages in the approximate amount of $30,000.00, exact amount to be proven at trial;

B. Grant such further relief as the Court deems appropriate;

C. Grant the Plaintiff attorney's fees and costs in this action.

## COUNT VI

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

61. With respect to this claim, Plaintiff re-alleges and re-incorporates by reference all the allegations contained in paragraphs (1) through (60).

62. Defendants intentionally, maliciously, and/or with reckless indifference discriminated against Plaintiff because of his disability.

63. Defendant's unlawful practices aggravated Plaintiff's physical disability and elevated his physical pain, which satisfies the physical injury requirement of 42 U.S.C. § 1997e (e).

64. Defendant's unlawful discriminatory acts were extreme and outrageous, causing Plaintiff severe emotional distress.

WHEREFORE, the Plaintiff respectfully requests that this court:

A. Order Defendant, jointly and severally, to make Plaintiff whole by providing nominal, compensatory, and punitive damages in amounts to be proved at trial;

B. Grant such further relief the Court deems appropriate;

C. Grant the Plaintiff his attorney's fees and costs in this action.

Respectfully submitted this 16th day of June, 2009.

*[signature]*

William W. Castle
Plaintiff

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this  16th  day of  June , 2009.

*[signature]*

William W. Castle
Plaintiff