| | |
|---|---|
| **WO** | SVK |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

William W. Castle,)  No. CV 09-8114-PCT-MHM (DKD)

Plaintiff, ) **ORDER**

vs. )

Eurofresh, Inc., et al., )

Defendants. )

Plaintiff William W. Castle filed this civil rights action under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) against Eurofresh Farms, Inc. (Eurofresh); the State of Arizona; the Arizona Department of Corrections (ADC); Dora Schriro, former Director of ADC; and Charles Ryan, current Director of ADC (State Defendants). (Doc. #1.) Eurofresh and the State Defendants separately moved to dismiss. (Doc. ##20, 27.) On March 8, 2010, the Court granted the motions and dismissed some claims with prejudice and others with leave to amend. (Doc. #38.) The Court gave Plaintiff 30 days to file an amended complaint or the case would be dismissed; the Court also provided Plaintiff with the Court-approved complaint form. (Id. at 21.)

Plaintiff now moves for a stay of the proceedings and entry of judgment pending appeal to the United States Court of Appeals for the Ninth Circuit. (Doc. #43.) Plaintiff filed a notice of appeal on April 1, 2010. (Doc. #44.)

**JDDL-K**

The Court will deny the motion to stay the proceedings and give Plaintiff an additional 15 days to file an amended complaint.

**I.  Analysis**

Although the filing of a notice of appeal generally divests the district court of jurisdiction over those aspects of the case involved in the appeal, the district court's jurisdiction is not affected when a litigant files a notice of appeal from an unappealable order. Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). "When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply." Nascimento v. Dummer, 508 F.3d 905, 908 (9th Cir. 2007). In such a case, the district court "may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." Ruby v. Secretary of the United States Navy, 365 F.2d 385, 389 (9th Cir. 1966).

Plaintiff asserted in his notice of appeal that he is appealing from "the final judgment and order entered in this action on the 8th day of March, 2010." (Doc. #44.) But, in fact, no final judgment has been entered, and the Court's Order dismissing the complaint also granted Plaintiff leave to amend. The March 8 Order is not an appealable final order under 28 U.S.C. § 1291; the Order is not an interlocutory order generally appealable under 28 U.S.C. § 1292(a); and the Court did not provide the statement necessary to make the Order an interlocutory order appealable under 28 U.S.C. § 1292(b). Thus, Plaintiff's April 1, 2010 notice of appeal refers to a non-appealable interlocutory order and, therefore, Plaintiff's notice of appeal did not divest the Court of jurisdiction.

The Court will not stay proceedings but will give Plaintiff an additional 15 days to file an amended complaint.

**IT IS ORDERED**:

(1)  The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion to Stay Proceedings and Entry of Judgment Pending Appeal (Doc. #43.)

(2) Plaintiff's Motion to Stay Proceedings and Entry of Judgment Pending Appeal (Doc. #43) is denied.

(3) Plaintiff has **15 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 15 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action, with prejudice, that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5) **If Plaintiff files an amended complaint within 15 days, the Court will issue a screening order pursuant to 28 U.S.C. § 1915A; Defendants must NOT answer the Amended Complaint or otherwise respond by appropriate motion pursuant to Rule 12(a) of the Federal Rules of Civil Procedure until after the Court issues its screening order.**

(6) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 16th day of April, 2010.

_____
Mary H. Murguia
United States District Judge